[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matters before the Court concern motions to dismiss filed by defendants Cartagena and Santana arising out of an order directing the State to respond to motions for bill of particulars. The State responded on April 12, 1991 and defendants have moved to dismiss.
In addition, defendant Diaz filed a separate motion under Rule 7 of the Superior Court Rules of Criminal Procedure for a bill of particulars. This motion was filed on March 7, 1991 but due to unavailability of counsel was never heard until April 16, 1991. In the interim the State responded to the Diaz motion and raised numerous objections in its response. Counsel for defendant Diaz has objected to the response on several grounds, the first is the State's refusal to elect under which theory of murder it intends to proceed. Diaz also objects on the ground the State has failed to respond to his request number 6, "the precise act that makes up the corpus delecti of Count One", the murder count.
During the course of the various arguments of counsel, the State indicated that its separate written response to defendants Cartagena and Santana also applied to defendant Diaz as well. Defendant Diaz adopted this response as applicable to him but joined in the objections filed by counsel for Cartagena and Santana.
Defendants Cartagena and Santana have pressed for a dismissal of the case on the ground the State has failed to properly respond to this Court's order of February 18, 1991. The events leading up to the February 18, 1991 order are of some import to the motion to dismiss.
On January 23, 1991, defendant Cartagena filed for a bill of particulars which contained fourteen (4) separate requests. This Court refused to grant such a broad based request which the Court, found to be in the nature of a list of interrogatories seeking evidentiary facts. State v. Lerner, 112 R.I. 62,308 A.2d 324 (1973). But the Court ruled these defendants were entitled to know the specific acts each is alleged to have committed and issued its order of February 18, 1991 which provides in part:
 2. With respect to Defendants' Motion for bill of particulars, the State shall respond on or before February 26, 1991 with particularity as to each count of the Indictment, stating what specific acts of Defendant Cartagena and Defendant Santana the State alleges they committed that constitute the crimes charged (so called manner and means.) The State may make reference to specific responses to Discovery previously filed.
The February 26, 1991 date was continued by agreement of various counsel until April 17, 1991 and no claim for a timeliness delay is being made. The motion to dismiss rests on the content of the State's response. It should be noted that the State has vigorously objected to the Court's February 18th order.
The response the State filed is in a narrative form and contains both specific factual allegations as well as legal principles upon which the State's theory of the case rests. The State correctly asserts that this is a complex legal and factual case involving four (4) individuals, all of whom the State is proceeding against as principals.
The chief complaint of defendant Diaz is the State's refusal to elect under which theory of murder it intends to proceed. The State has clearly indicated it intends to proceed against all four (4) defendants under both a premeditated murder theory and a felony murder, the felony being the crimes of robbery charged in Count Three and Count Five.
Where the State alleges a murder occurred during the course of a robbery, in order to convict the defendant of murder, the State must prove beyond a reasonable doubt either a premeditated murder under § 11-23-1 or a felony murder. The State therefore need not elect where the underlying felony is also charged in the same indictment. State v. Innis, 120 R.I. 641, 391 A.2d 1158
(1978); State v. Villani, 491 A.2d 976 (R.I. 1985).
Defendants Cartagena and Santana seek dismissal on the ground the State's response is simply inadequate. Defendant Cartagena argues the State's response fails to inform her of the acts she is alleged to have committed.
In the face of a complex legal and factual case, the bill of particulars must be read in its entirety in light of existing law relative to principals and accessories. The indictment charges both Cartagena and Santana with murder, conspiracy to murder, robbery of Jose Vargas, conspiracy to rob Jose Vargas, robbery of Felix Collado and conspiracy to rob Felix Collado.
The State's response includes a statement that both Cartagena and Santana were present at the scene of the crimes and shared in the common design, that all defendants enjoy a close personal relationship and all knew that unlawful acts were planned against Mr. Vargas and Mr. Collado. In addition to the defendants possessing actual knowledge that a crime or crimes were about to be committed, the State alleges each travelled to the scene of the crime armed as a group, that Cartagena and Santana were present for the commissions of the crimes alleged in Counts One, Three and Five and that Santana fled from the scene when the police arrived. The bill of particulars also alleges that Cartagena and Santana conspired with each other and their co-defendants to commit the crimes of robbery and murder.
It is well settled that a defendant is not entitled to the disclosure of the identity of witnesses or of the evidence the prosecution intends to use by way of motion for bill of particulars. But a bill of particulars must fairly disclose the actual offenses of which the defendant is charged. State v.Lerner, 112 R.I. 62, 308 A.2d 324 (1973). This requirement is satisfied when the prosecution furnishes such facts which fairly describe the offenses the defendants are alleged to have committed. Id. State v. Brown, 574 A.2d 745 (R.I. 1990).
Accordingly, the motion of defendant Diaz to require the State to elect under which theory of murder it intends to proceed is denied. The motion to dismiss of defendants Cartagena and Santana is also denied.